**THE CITY OF MIAMI; BROWN OPERATING COMPANY, a Florida Corporation, et al., v. THE TRAVIS CO., a Florida Corporation.**

13 So. (2nd) 700                                                    January Term, 1943
May 25, 1943                                                        Division A

*J. W. Watson, Jr.,* and *William W. Charles,* for appellants.
*Ward & Ward,* for appellee.

CHAPMAN, J.:

Presented for adjudication on this appeal is the question of the sufficiency of the evidence adduced in behalf of the appellant to support a decree establishing a dedication by implication, or otherwise, by the owner, or owners, of a strip of land thirty feet in width through "Block 64, of North City of Miami," according to a recorded map or plat in Dade County, Florida. The record discloses that the strip, and adjacent land, in 1925, was by the owner mortgaged to the Dade County Security Company, and a building program on the property was inaugurated but subsequently abandoned. Ingress and egress by the owners was allowed to the public and by them used as a parking lot.

During the year 1928 the plaintiff's predecessor in the chain acquired title by Master's deed. Taxes to the County and City on the property were paid by the owner. The owner acquiesced in the vehicular and pedestrian use of the strip. The city repaired the pavement situated thereon, but was restrained from the purchase thereof in 1934, and the suit was by stipulation of counsel dismissed in 1936. Acts of ownership by the city of the strip precipitated the suit at bar.

The law placed the burden of proof on the city under its pleading in the case to establish dedication to the public by implication or otherwise by the owner of the strip of land described in the final decree here challenged. We have carefully considered all the testimony relied upon by the city and have concluded that it failed to carry the burden required by law and for this reason the decree entered by the chancellor was correct and free from error.

Affirmed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.